IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

KIMBERLY DAVIS,                          )
                                         )
            Plaintiff,                   )
                                         )        Case No. 2:26-cv-00572
      vs.                                )
                                         )
SUREFIRE HOSPITALITY GROUP, LP           )
d/b/a BURGATORY,                         )
                                         )
            Defendant,                   )

**OPINION AND ORDER**

On May 18, 2026, Defendant, Surefire Hospitality Group, LP d/b/a Burgatory, filed the present motion, requesting Plaintiff, "Kimberly Davis", to correct the case caption and use proper party identification pursuant to Federal Rule of Civil Procedure 10(a). (ECF No. 7). On May 27, 2026, Plaintiff filed a response to Defendant's motion. (ECF No. 12). On May 28, 2026, Defendant filed their reply. (ECF No. 13). For the following reasons, Defendant's Motion to Correct Caption will be granted.

## I.     Background

On April 6, 2026, Plaintiff, using the name "Kimberly Davis," filed a Complaint against Defendant, Surefire Hospitality Group. (ECF No. 1). Plaintiff was an employee at Defendant's restaurant, Burgatory. *Id*. Plaintiff alleges claims of disability discrimination, failure to accommodate, sexual harassment, hostile work environment, and retaliation, pursuant to Title VII and the ADA. On May 18, 2026, Defendant filed a Motion for Plaintiff to Correct Caption and to identify herself by her legal name in all proceedings, because Plaintiff's legal name is "Matthew Grinage". (ECF No. 7). On May 27, 2026, Plaintiff filed a response. (ECF No. 12). On May 28, 2026, Defendant filed a reply. (ECF No. 13). The issue is now ripe for decision.

1

## II.    Discussion

### A.  Federal Rule of Civil Procedure 10(a)

Plaintiff has identified herself as Kimberly Davis in all filings in this case, while Defendant argues that Plaintiff's legal name is Matthew Grinage. (ECF No. 8 ¶ 2). As such, Defendant argues that Plaintiff does not comply with Federal Rule of Civil Procedure 10(a). (ECF No. 7). Defendant provides documentation, including her application for employment with Defendant's restaurant, where she used her legal name, Matthew Grinage. (ECF No. 7-1–7). The parties do not dispute that Plaintiff has not yet completed a formal legal name change process. (ECF No. 12 ¶ 6). In her brief, Plaintiff argues generic allegations that the use of her legal name causes her "distress, mental anguish, and harm". (ECF No. 12 ¶ 2). Plaintiff argues that, if she does not use her chosen name, she will suffer serious and lasting effects to her mental health. *Id*.

Rule 10 states that the "title of the complaint must name all parties." Fed. R. Civ. P. 10(a). The core intent of Rule 10(a) is to assure public access, transparency, and accountability in judicial proceedings. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Following historical practices of publicness, proper access to litigants' names is important. Rule 10, along with Rule 17, reinforces that court proceedings must remain open and accessible to the public, demands clarity in how parties are identified and ensures the public record accurately reflects the identity of who is before the court and why. Fed. R. Civ. P. 17(a).

In "exceptional cases", courts have previously allowed the use of a pseudonym. *Megless*, 654 F.3d at 408. Under Third Circuit precedent, a party seeking to litigate under a pseudonym must clear a specific threshold before the court will consider the request. *Id*. Specifically, the litigant must show that they (1) face a genuine risk of severe harm, and that (2) this risk is objectively reasonable under the circumstances. *Id*. It is only after this initial burden is met that a

2

court will weigh the litigant's privacy interests against the judiciary's strong presumption favoring open and transparent proceedings. *Id*. The Third Circuit Court notes that mere embarrassment is not enough to pass this threshold. *Id*.

To weigh these interests, the Third Circuit considers the following non-exhaustive list of factors that weigh in favor of allowing a plaintiff to proceed under a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id*. (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)). The court similarly weighs the following three factors that weigh against allowing a plaintiff to proceed under a pseudonym:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

Considering the standard of reasonable fear of severe harm, and taking into consideration the factors listed above, the Court finds that Plaintiff has not satisfied the requisite factors to proceed by pseudonym, including use of her chosen, rather than her legal, name, in this case. Disclosure of Plaintiff's legal name would not cause extraordinary harm or reveal her transgender status in a way that creates genuine danger, because, as demonstrated by Defendant's brief, Plaintiff has regularly used her legal name, including in her job application for employment with the Defendants. (ECF No. 7). Courts have consistently grounded pseudonym

3

analysis in fears of severe harm. *Megless*, 654 F.3d at 408. Plaintiff has not pointed to any specific instance within her community, workplace, or the public where use of her legal name has exposed her to danger, harassment, or violence. The distress, associated with use of a legal name that differs from one's chosen name, is more properly characterized as embarrassment or discomfort, which the Third Circuit has found to be insufficient to meet the standard. *Id*. Without particularized allegations, Plaintiff's request reflects a personal preference, rather than a reasonable fear or severe harm.

The remaining factors of the Third Circuit's balancing test reinforce this same conclusion; they do not persuade the Court to permit Plaintiff to proceed under the pseudonym of her chosen name. *Id*. First, as shown by the Defense exhibits, Plaintiff's legal name has been publicly used many times. (ECF No. 7). Because Plaintiff's identity has not been confidential in the past, there is no basis to permit her use of her chosen name in the present filings. Second, Plaintiff's stated reasons, of "distress, mental anguish, and harm," to support denial of Defendants' motion, are conclusory and lack the specificity required to satisfy the severe harm factor. (ECF No. 12 ¶ 2). Factors 3 and 4 both concern public interest; and, there is no public interest in maintaining the confidentiality of Plaintiff's legal name, as there is no discernible societal benefit to hiding her legal name from the public record. Factor 5, the identity of Plaintiff, is irrelevant to the outcome of this case. Lastly, the Plaintiff's motives are illegitimate when it comes to what is required under the rules. Following consideration of all factors, in sum, they do not weigh in favor of allowing Plaintiff to pursue this litigation under her chosen name.

The Court also looks at the three factors, that also weigh against allowing anonymity, to balance with the above first five factors. *Megless*, 654 F.3d at 408. The universal public interest in the identities of litigants automatically weighs against the Plaintiff in this pseudonym analysis.

4

*Id*. While the Court is sympathetic to Plaintiff's preference to use her chosen name rather than her legal name, such preference does not supersede the interest of the public in knowing the true identity of litigants in cases such as this. Further, factors 2 and 3 weigh against Plaintiff, because the Plaintiff's identity, background, and specific circumstances are central to the claims at issue. The public's interest in knowing the identity of who is making claims is not diminished simply because Plaintiff prefers to use a different name. Similarly, Defendants are correct to challenge Plaintiff's use of a chosen name rather than her legal name, given that she applied for employment at Defendants' restaurant using her legal name, as reflected in her employment documents. (ECF No. 7-1–7).

When balancing these factors, they do not support Plaintiff's position that she should proceed under a pseudonym in this case. Plaintiff's conclusory concerns about "distress, mental anguish, and harm" are insufficient to outweigh the public's strong interest in transparent, public judicial proceedings. (ECF No. 12 ¶ 2). The framework established by the Third Circuit was designed to address severe harm and genuine threats to a litigant's safety. *Doe v. Kamehameha Sch.* 596 F.3d 1036, 1043–45. This is not a matter of anonymity that serves any public purpose. Here, Plaintiff merely seeks to file and litigate using only her chosen name rather than her legal name. Such is not permissible.

### B.  Failure to File a Motion for Change of Caption

The Third Circuit made clear in *Megless* that a plaintiff seeking to proceed anonymously must satisfy the elements outlined above. Implicit in this framework is a threshold procedural requirement that the Court must first receive a motion or formal request to proceed under a pseudonym before any evaluation of the substantive factors can begin. *Id*. Here, Defendants argue that Plaintiff has neither filed a motion seeking such relief, nor requested permission to

proceed under a pseudonym, nor successfully proved any fear of severe harm. As discussed above, even if Plaintiff had followed the proper procedural mechanism, no permission would have been granted for the reasons discussed above. Therefore, Defendants' procedural argument is moot.

Plaintiff's legal name remains "Matthew Grinage". It has not been legally changed to "Kimberly Davis." Pennsylvania law provides a statutory mechanism to obtain a legal name change. 54 Pa. Cons. Stat. § 701 (2024). Had Plaintiff accessed the appropriate and available legal process to obtain a legal name change, she would be entitled to use that legal name in these proceedings. Such a change, effectuated through court filings and official publications, provides public notice of the legal change of name. However, having not done so, Plaintiff must proceed under her legal name of Matthew Grinage. Fed. R. Civ. P. 10(a).

### III.    Conclusion and Order

For the reasons stated in this Opinion, Defendant's Motion to Correct Caption is granted. Plaintiff is directed to file an amended complaint, reflecting her legal name, within 14 days of this Order. If Plaintiff fails to file an amended complaint, the case shall be dismissed.

IT IS SO ORDERED.

DATE: July 22, 2026

Marilyn J. Horan
United States District Judge

6